IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN GLENN GANDY, #1004006,** | § | |
| Petitioner, | § | |
| | § | |
| **v.** | § | 3:05-CV-0344-P |
| | § | |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Steven Glenn Gandy ("Gandy" or "Petitioner") is presently incarcerated at the Michael Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. No process has been issued in this case.

Statement of the Case: Petitioner plead guilty in the 292nd District Court of Texas to burglary of a habitation with the intent to commit a felony other than theft on August 24, 2000. He was sentenced to life in the penitentiary and a deadly weapon finding was made. He appealed his conviction to the Fifth Court of Appeals, which affirmed his conviction on

November 13, 2001.  *Gandy v. State*, No. 05-00-01384-CR, 2001 WL 1403576 (Tex. App. - Dallas Nov. 13, 2001)(not selected for publication).  His petition for discretionary review was refused on March 6, 2002.

Gandy filed an application for habeas relief pursuant to Tex. Code Crim. Proc. art. 11.07 on May 6, 2003.  It was denied without written order on August 30, 2003.  (Pet.'s Mem. for Writ of Habeas Corpus at i-ii).

Petitioner filed the instant action on February 14, 2005.  On March 14, 2005, the Magistrate Judge issued an order to Gandy requiring that he show cause why his case was not barred by the one year limitations period.  *See* 28 U.S.C. § 2254.  When it appears that a petition has not been timely filed the court may raise the issue of limitations *sua sponte* provided that a petitioner is given an opportunity to show that the limitations period should be equitably tolled. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999), *see also Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 767-68 (5th Cir. 2004).   As of the date of this recommendation, Petitioner has failed to comply with the court's order.

<u>Findings and Conclusions</u>: Gandy contends that his plea of guilty was involuntary as a result of ineffective assistance of counsel.  Petitioner's allegation need not be addressed on the merits because he has failed to file his petition within the statutory period required by §2244(d)(1).

Gandy filed his habeas petition on February 14, 2005, and it is thus subject to the one year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  *See, e.g., Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997).  Gandy's conviction become final for the purposes of the AEDPA on June 4, 2002, when his time for

filing a **writ of certiorari with the Supreme Court expired.** *E.g., Roberts v. Cockrell,* **319 F.3d 690, 693 (5th Cir. 1993).** Petitioner filed his art. 11.07 application on May 6, 2003, thus tolling the statute of limitations during the pendency of his application. 28 U.S.C. § 2244(d)(2); Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004). His art. 11.07 application was denied on August 30, 2003, and at that time he had 30 days left to file a timely federal habeas petition. Gandy filed his habeas petition on January 19, 2005, more than a year after the limitations period had expired. His federal habeas petition is untimely and Gandy has failed to demonstrate that the limitations period is subject to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the district court find that the petition is time barred and dismiss the petition.

A copy of this recommendation shall be mailed to Petitioner.

Signed this 11th day of July, 2005

_____
Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.